## CARDWELL, Appellant, v. STUART.

### Division Two, June 28, 1901.

**Appellate Jurisdiction: AMOUNT IN DISPUTE: SUIT TO CANCEL RECEIPTS.** The Supreme Court has no jurisdiction of an appeal from an order of the circuit court sustaining a demurrer to a petition, which, while it charges the value of an estate left by plaintiff's mother, of whom plaintiff is the only heir, to be $4,000, is, nevertheless, not a suit to recover that sum, but a suit in equity against the administrator to reform one receipt for $750, and to cancel another for the same amount, both of which it is alleged were obtained from plaintiff by fraud as a. full acquittance of plaintiff's interest in said estate.

Appeal from Audrain Circuit Court.—*Hon. E. M. Hughes,* Judge.

TRANSFERRED TO THE ST. LOUIS COURT OF APPEALS.

*Robertson & Barnes* for appellant.

*Fry & Clay* for respondent.

GANTT, J.—This cause originated in the circuit court of Audrain county.

A demurrer to the petition was sustained, and the appeal taken to this court.

The petition, omitting caption, is in these words:

"Plaintiff, for his first amended petition, states that he is the sole heir at law of Rachel Stuart, formerly Cardwell, deceased, who departed this life on the — day of April, 1893; that at the time of her death and for some time prior thereto, she had been the wife of William Stuart, the defendant herein, and at the time of her death she was possessed of an estate of the value of $4,000, which consisted of personal property, and that thereafter this defendant, William Stuart, procured letters of administration in his own behalf, making him administrator of said estate, in the probate court of Audrain county, at the county of the death of said deceased, which letters bear date of the sixteenth day of May, 1893.   That as administrator of said estate of said deceased the said defendant proceeded to and took charge of the estate of the said deceased and took the whole of the same into his possession; that the said defendant immediately after taking charge of said estate inventoried the same, and filed his inventory in the probate court of said county, and falsely represented by his said inventory, that the said estate was of the value of only $750 and that there was personal property of said estate only to that amount; that one year thereafter the said defendant made his annual settlement and accounted to said estate for the sum of $816, and further represented in his settlement that said estate consisted of $750, and that no other property of any description whatever had come into his hands as such administrator, and this said defendant falsely and fraudulently, with intent to defraud the said plaintiff, made said inventory and also represented to him that the same was

true, to-wit, that there was but $750 in said estate, and represented to this plaintiff that he had made a true inventory of the estate, and further represented to this plaintiff that he would pay the costs of said estate and one allowance amounting to $68 therein out of his own pocket in order that there might be the sum of $750 for this plaintiff; that the said defendant, knowing that there was a greater estate than the amount which he represented and which he inventoried, and being fearful that this plaintiff would ascertain such fact and find out the true facts concerning said estate, and that the plaintiff would make a claim therefor, was anxious to effect an early settlement with this said plaintiff, and in order to effect such settlement the said defendant, in furtherance of his scheme to cheat and defraud said plaintiff of his interest in his mother's estate, falsely and fraudulently represented to the plaintiff that he had made a true inventory thereof and that there was, belonging to said estate, simply the sum of $750, and said plaintiff relied upon the false statement so made in the said inventory and by the said defendant and so relying upon said false statements was induced by the said defendant to sign the following receipts, to-wit:

" 'Mexico, Mo., July 26, 1893.

" 'In consideration of William Stuart advancing to me my interest in the estate of Rachel Stuart, deceased, on this day, as administrator of the estate of said Rachel Stuart, deceased, advancing to me my said interest of $750 in said estate, I hereby obligate myself not to question or require said William Stuart to pay to said estate any money or claim that I may think he owes said estate or take any proceedings in court or otherwise, claiming William Stuart owes said estate anything, but accept this $750 in full of my said interest.

" 'C. C. CARDWELL.'

"And in connection therewith and at the same time and as a part of the same transaction the said plaintiff executed the following further ·receipt, to-wit:

" 'Mexico, Mo., July 26, 1893.

" 'Received of William Stuart, administrator of the estate of Rachel Stuart, deceased, $750 in full payment and.satisfaction of my share and interest in· the estate of Rachel Stuart, deceased, as child and heir of said deceased.

" 'C. C. CARDWELL.'

"That both of the foregoing instruments were executed simultaneously and were part of the same act and both of them were executed as to constitute the same act, and the same were procured on part of the defendant by false and fraudulent representation aforesaid, and by falsely representing to the plaintiff that there was no more property of which said defendant was informed and belonging to the estate than the sum of $750. And plaintiff relied upon the false statements aforesaid and executed the foregoing instruments discharging the defendant from any further liability to him as administrator of said estate.

"Plaintiff says that the above receipts as above set forth and writings are void for the reason aforesaid so far as they operate as a quittance and discharge of the defendant as administrator of said estate.

"That the said plaintiff prays the court to cancel in its entirety the first instrument set out herein and to cancel all of that part of the second one set out herein which undertakes to and does operate as a release of defendant's obligations as administrator to this plaintiff and prays the court to so reform the second instrument as to leave it stand as follows:

" 'Mexico, Mo., July 26, 1893.

" 'Received of William Stuart, administrator of the estate of Rachel Stuart, deceased, $750, as the child and heir of said deceased.'

"And to strike from and cancel the following part of said instrument, 'In full payment and satisfaction of my share and interest in the estate of said Rachel Stuart, deceased.'

"And plaintiff says that the said first instrument and the said part of said second instrument sought to be cancelled and stricken out were procured by the false and fraudulent representations made as aforesaid and relied upon as aforesaid by this plaintiff.

"Plaintiff further states that on the eighth day of August, 1896, he began an action entitled: 'State of Missouri to the use of Charles Cardwell, plaintiff, against William Stuart and W. W. Fry, defendants,' which action was begun in the circuit court of Audrain county, a court of general jurisdiction, having jurisdiction over the subject-matter and of the parties, which action was begun and maintained in said circuit court upon the administrator's bond of the said William Stuart in which action the said plaintiff did sue upon said bond for the surplus in said defendant's hands as such administrator, over and above the said sum of $750 so received by the said plaintiff from the said defendant and for all sums in his hands as such administrator over and above the said sum of $816, being the total amount accounted for as aforesaid by the said defendant in said probate court.

"That since the commencement of this action this said plaintiff has discovered the fact that there was more property received by the said defendant into his hands as such administrator than was sued for in said action upon said bond in said circuit court.

"That said defendant appeared in said action upon said

bond in the said circuit court in the following September term thereafter and said cause was duly tried before a jury and the plaintiff recovered a verdict and judgment thereon upon said bond, from which an appeal was taken at the said September term, 1896, to the St. Louis Court of Appeals, which said action coming on to be heard at the October term, 1897, the said case was reversed and remanded, the opinion of which was delivered therein on Tuesday, March 15, 1898, directing this said plaintiff to begin his action to set aside the receipts and instruments above set forth.

"Wherefore, plaintiff prays the court, by its equitable powers, to set aside, cancel and annul the receipts above set forth so far as they operate as a quittance of the said defendant, and prays the court to suspend the last-named action which is now pending in this court, while plaintiff maintains this action to rescind the release aforesaid and for all other and further proper relief afforded by a court of equity."

I.    This court has no jurisdiction of this appeal, because, notwithstanding the allegation that Mrs. Stuart left an estate of the value of $4,000, this suit is not to recover that sum but to reform one receipt for $750 and to cancel another instrument for $750, both referring to one and the same transaction.

As there is no other fact which would confer jurisdiction upon this court, it is ordered that this cause be transferred to the St. Louis Court of Appeals.

*Sherwood, P. J.,* and *Burgess, J.,* concur.